# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRIDENT STEEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1056 JCH |
| | ) |
| CALYX ENERGY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Calyx Energy, LLC's Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively to Transfer Venue to the Western District of Oklahoma ("Motion to Transfer"), filed June 16, 2014. (ECF No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Trident Steel Corporation ("Trident") is a corporation in good standing existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri. (Petition ("Complaint" or "Compl."), ¶ 1). Trident distributes steel pipe to oil and natural gas companies throughout the United States. (Id., ¶ 2). Defendant Calyx Energy, LLC ("Calyx") is an independent oil and gas exploration company, with its principal place of business in Tulsa, Oklahoma. (Memorandum in Support of Calyx's Motion to Transfer, P. 2).

On or about October 28, 2011, Calyx and Trident entered into a Master Service Agreement, which provided terms for future services to be performed and/or materials to be supplied by Trident for the benefit of Calyx. (Calyx's Motion to Transfer, attached Exh. 1). The Master Service Agreement provided in relevant part as follows:

> **19.** *Applicable Law:* The substantive laws of the State of Oklahoma shall apply, excluding its conflicts-of-law rules which might apply the laws or refer the matter to a different jurisdiction, shall govern the validity, construction, and enforcement of this Agreement and the rights and obligations of the parties hereunder. The venue of any litigation between the parties shall be in Oklahoma….
>
> **25.** *Conflicts:* In the event of a conflict between the terms and conditions of this Agreement and any subsequent documents, including without limitation, Work Requests, field work orders, work tickets, purchase orders, confirmations, invoices, statements, published rate or price schedules, or any other documents used by either party in the normal course of business, whether oral or written, the terms and conditions of this Agreement shall prevail unless express reference is made therein to amending specific provisions of this Agreement and the same is signed by duly authorized representatives of both parties.

(Id., PP. 11, 12).

The parties engaged in a number of transactions both before and after the signing of the Master Service Agreement. (Trident's Motion to Remand, ¶ 2).[1] According to Trident, in a typical transaction Calyx would negotiate the type and amount of steel pipe it wanted to purchase with a Trident salesperson, Calyx and Trident would agree upon the price to be paid, and Trident would then arrange to ship the steel pipe, and send Calyx an invoice incorporating the terms of the parties' agreement. (Compl., ¶¶ 9-11). The front of each invoice sent by Trident to Calyx contained the following language in capital, boldface type: "**\*\*NOTE: TERMS AND CONDITIONS OF SALE ARE LISTED ON REVERSE SIDE OF THIS INVOICE.\*\*** (Id., ¶ 11; *see also, e.g.*, Sample Invoice, ECF No. 20-3, attached to Calyx's Reply in Support of its Motion to Transfer). In turn, the reverse side of a typical invoice stated in relevant part as follows:

> 4. ….The parties agree that the laws of the State of Missouri and the Uniform Commercial Code, as adopted by the State of Missouri, shall govern the construction, operation, performance and enforcement of this agreement, and Buyer [Calyx] hereby consents to the jurisdiction of the courts of the Circuit Court of St. Louis County,

---

[1] Trident filed its Motion to Remand on June 23, 2014. (ECF No. 8). The Court will address the arguments made in Trident's motion in this course of this opinion.

Missouri should any dispute arise between the parties concerning this agreement.

(ECF No. 20-3, P. 2).

On March 26, 2014, Trident filed suit against Calyx in the Circuit Court of St. Louis County, Missouri, alleging Breach of Contract with respect to thirteen separate agreements entered into by the parties between August 22, 2013, and November 1, 2013. (*See* Defendant's Notice of Removal, ¶ 1; Compl., ¶¶ 14-20; Brief in Support of Plaintiff's Motion to Remand, P. 3 n. 3). Calyx removed the suit to this Court on June 6, 2014, on the basis of diversity jurisdiction. (ECF No. 1). As stated above, Calyx filed the instant Motion to Transfer on June 16, 2014, claiming the controlling exclusive venue provision in the Master Service Agreement mandates that this suit be transferred to the United States District Court for the Western District of Oklahoma. (ECF No. 6).

## **DISCUSSION**

As noted above, Calyx has moved to dismiss this case for lack of personal jurisdiction, or alternatively, to transfer the case to the United States District Court for the Western District of Oklahoma. "The court may transfer a case pursuant to 28 U.S.C. § 1404(a)[2] even without personal jurisdiction over a defendant.[3]" *Blume v. International Servs., Inc.*, 2012 WL 1957419, at *3 (E.D. Mo. May 31, 2012) (citations omitted). Thus, this Court will first consider Calyx's Motion to Transfer the action to the United States District Court for the Western District of Oklahoma. *Id.*

---

[2] "'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Blume*, 2012 WL 1957419, at *3 n. 3 (quoting 28 U.S.C. § 1404(a)).

[3] "Defendants do not challenge the court's subject matter jurisdiction over the action, the lack of which would have precluded transfer." *Blume*, 2012 WL 1957419, at *3 n. 4 (citing *Integrated Health Servs. v. THCI Co.*, 417 F.3d 953, 957 (8th Cir. 2005) ("[A] court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a).")).

In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S.Ct. 568, 581 (2013). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)). The calculus changes, however, when the parties' agreement contains a valid forum-selection clause. *Id.*

> The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.

*Id.* (internal quotation marks and citations omitted).[4] *See also Delta Mike of Kansas, Inc. v. Sylvan Learning, Inc.*, 2006 WL 897145, at *1 (E.D. Mo. Apr. 4, 2006) (internal quotation marks and citation omitted) ("Since it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.").

Upon consideration, the Court finds that Trident has not demonstrated exceptional circumstances, sufficient to defeat the forum-selection provision in the Master Service Agreement. Trident's sole argument in favor of overriding the provision suggests the contrary forum-selection clause in the invoices at issue, calling for jurisdiction in the courts of the Circuit

---

[4] The Supreme Court continued to hold that the presence of a valid forum-selection clause requires district courts to adjust their § 1404(a) analysis in three ways: first, by affording no weight at all to the plaintiff's choice of forum; second, by not considering arguments regarding the parties' private interests; and third, by rejecting the notion that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties. *Atlantic Marine Const. Co.*, 134 S.Ct. at 581-583.

Court of St. Louis County, supersedes the forum-selection clause in the Master Service Agreement. As noted above, however, under the express terms of the Master Service Agreement conflicting provisions contained in subsequent documents, including invoices, may only supersede the terms of the Master Service Agreement if "express reference is made therein to amending specific provisions of this Agreement and the same is signed by duly authorized representatives of both parties." (Master Service Agreement, ¶ 25). Neither of those conditions were met in the instant case, and thus the forum-selection clause of the Master Service Agreement applies, mandating a transfer to the Western District of Oklahoma.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Calyx Energy, LLC's Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively to Transfer Venue to the Western District of Oklahoma (ECF No. 6) is **GRANTED** in part, and Cause No. 4:14CV1056 JCH is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma for further proceedings.

**IT IS FURTHER ORDERED** that Trident's Motion to Remand (ECF No. 8) is **DENIED**.

---

[5] In its reply memorandum in support of its Motion to Remand, Trident asserts that under Missouri law, "'[a]n express provision in a written contract that no rescission or variation shall be valid unless it too is in writing is ineffective to invalidate a subsequent oral agreement to the contrary.'" (Plaintiff's Reply to Calyx Energy, LLC's Response to Trident Steel Corporation's Motion to Remand, P. 3 (quoting *Jennings v. SSM Health Care St. Louis,* 355 S.W.3d 526, 535 (Mo. App. 2011) (internal citations omitted)). Even assuming this to be the case, it does not help Trident here, as the Court finds no evidence that the parties entered into a subsequent agreement, oral or otherwise, intended to invalidate the forum-selection and conflicts clauses in the Master Service Agreement.

**IT IS FURTHER ORDERED** that Calyx Energy, LLC's Motion to Stay Scheduling Conference or, in the Alternative, to Hold Hearing on Calyx's Motion to Transfer (ECF No. 28) is **DENIED** as moot.

Dated this 17th Day of July, 2014.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE